IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PEREZ,                                )<br>                                                )<br>            Plaintiff,                         )<br>                                                )<br>     v.                                         )<br>                                                )<br>GMAC MORTGAGE; KAY-CO                           )<br>INVESTMENTS DBA PRO30 FUNDING;)<br>ETS SERVICES, LLC; MORTGAGE                     )<br>ELECTRONIC REGISTRATION                         )<br>SYSTEMS, INC.; ELITE MORTGAGE                   )<br>& ASSOCIATES; JAMES RAY WALL,                   )<br>JR.; RANDALL GILBERT; ADAM                      )<br>LANCASTER,[1]                                   )<br>                                                )<br>            Defendants.                        )<br>_____) | 02:09-cv-02043-GEB-KJM<br><br><u>ORDER DISMISSING UNSERVED<br>DEFENDANTS</u> |

On December 8, 2009 an order issued notifying Plaintiff that "**under Rule 4(m)** of the Federal Rules of Civil Procedure ("Rule 4(m)") that "**Defendants Elite Mortgage & Associates, James Ray Wall, Jr., and Randall Gilbert could be dismissed as defendants in this action . . . unless Plaintiff provides proof of service and/or 'shows good cause for the failure' to serve these [D]efendants . . . in a filing due no later than 4:00 p.m. on December 14, 2009.**" (Docket No. 18)(emphasis in the original).

---

[1]  The caption hereinafter should be amended to reflect the Dismissal of Defendants Elite Mortgage & Associates, James Ray Wall, Jr., and Randall Gilbert.

1

Plaintiff responded to the December 8, 2009 Rule 4(m) notice three days late, in a filing in which he requested "an additional 30 days within which to effect service on these Defendants" because he had "'bad' addresses" for them. (Docket No. 21). That time period has past, and no proof of service has been filed showing these defendants have been served.

"Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001)(citing Fed. R. Civ. P. 4(m)); see also Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009)(outlining the "two avenues for relief" provided by Rule 4(m)). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has discretion to dismiss without prejudice or to extend the time period." Id.

"Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect." Lemoge, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009)(citing Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991)). However, to bring excusable neglect "to the level of good cause""a plaintiff may be required to show the following factors": "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." In re Sheehan, 253 F.3d at 512 (citing Boudette, 923 F.2d at 756).

Plaintiff has failed to show good cause for failure to

serve Defendants Elite Mortgage & Associates, James Ray Wall, Jr., and Randall Gilbert.  Plaintiff did not address any of the good cause factors in his responses to the Court's Rule 4(m) notice. Plaintiff's only justification for failure to timely serve the Defendants was that he had "'bad' addresses."  Plaintiff provided no explanation concerning when Plaintiff first attempted to serve each of the unserved Defendants, when Plaintiff realized the addresses were "'bad,'" or why discovery of the correct addresses was not conducted before expiration of the Rule 4(m) 120 day service period or during the additional time Plaintiff has already had to locate these Defendants.

Further, Plaintiff's conclusory response does not provide sufficient information for determination whether his failure to effect service resulted from "professional incompetence," "an easily manufactured excuse incapable of verification of the court," "a complete lack of diligence," or "inadvertence despite counsel's substantial good faith efforts towards compliance."  Dominic v. Hess Oil V.I. Corp., 841 F.2d 513, 517 (3d Cir. 1988).  "Courts that have considered this issue . . . agree that counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991). Plaintiff clearly has not demonstrated that good cause justifies his failure to serve the unserved Defendants.

Even though Plaintiff has failed to demonstrate good cause, the issue remains whether the Court should exercise its discretion and provide Plaintiff with additional time to serve the unserved Defendants.  See Efaw v. Williams, 473 F.3d 1038, 1041

3

1  (9th Cir. 2007) (stating that Rule 4(m) "*permits* the district court
2  to grant an extension even in the absence of good cause" (emphasis
3  in original)).  The Ninth Circuit has explained the scope of the
4  district court's discretion under Rule 4(m) as follows:

> District courts have broad discretion to extend time for service under Rule 4(m). . . . On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired.  Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* the 120-day period.  *However, no court has ruled that the discretion is limitless*.  In making extension decisions under Rule 4(m) a district court may consider factors like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.

Id. (quotations and citations omitted)(emphasis added).

Plaintiff has not provided the Court with a persuasive reason for why it should exercise its discretion by extending the time period in which Plaintiff may serve any unserved Defendants. Nor has Plaintiff suggested that any applicable statute of limitations will bar his claims, or that an unserved Defendant has actual notice of the lawsuit.  Since Plaintiff has not provided sufficient justification for his inability to timely serve the unserved Defendants, and has not provided facts persuading the Court to exercise its discretion in favor of the extension of the service period, the Court declines to exercise its discretion under Rule 4(m) to further extend the time for service.

Therefore, the unserved Defendants Elite Mortgage &

//
//
//
//

4

1  Associates, James Ray Wall, Jr., and Randall Gilbert are dismissed
2  as defendants without prejudice under Rule 4(m).
3           IT IS SO ORDERED.
4  Dated:  February 3, 2010
5
6                              _____
                               GARLAND E. BURRELL, JR.
7                              United States District Judge