1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   FRANCISCO PEREZ,                    )
                                        )
9                   Plaintiff,          )    2:09-cv-02043-GEB-KJM
                                        )
10             v.                       )    ORDER GRANTING DEFENDANTS'
                                        )    MOTION TO EXPUNGE NOTICE OF
11  GMAC MORTGAGE; KAY-CO INVESTMENTS   )    PENDING OF ACTION AND
    dba PRO30 FUNDING; ETS SERVICES,    )    DECLINING SUPPLEMENTAL
12  LLC; MORTGAGE ELECTRONIC            )    JURISDICTION OVER PLAINTIFF'S
    REGISTRATION SYSTEMS, INC.; ADAM    )    REMAINING STATE LAW CLAIMS*
13  LANCASTER; JAMES RAY WALL, JR.;     )
    and RANDALL GILBERT HEYDEN,         )
14                                      )
                    Defendants.         )
15  _____    )

16          Three motions are pending: (1) Defendants GMAC Mortgage and

17  ETS Services, LLC's ("Defendants") motion to dismiss Plaintiff's

18  complaint under Federal Rule of Civil Procedure 12(b)(6) for failure

19  to state a claim upon which relief can be granted; (2) Defendants'

20  motion to strike certain portions of Plaintiff's complaint under

21  Federal Rule of Civil Procedure 12(f); and (3) Defendants' motion to

22  expunge Plaintiff's notice of pendency of action.  Plaintiff has not

23  filed an opposition to the motions or a non-opposition statement as

24  required by Local Rule 230(c).  This failure to comply with Local Rule

25  230(c) is tantamount to filing a non-opposition statement.  See Oliver

26  v. Countrywide Home Loans, Inc., No. 2:09-cv-1381-FCD-GGH, 2009 WL

27  _____

28          *   This matter is deemed suitable for decision without oral
    argument.  E.D. Cal. R. 230(g).

                                    1

3122573, at *2 (E.D. Cal. Sept. 29, 2009) (stating plaintiff's response is "tantamount to no response at all, and the court could properly construe plaintiff's response as a non-opposition to defendant's motion").  Further, after the motions were filed Plaintiff filed a First Amended Complaint ("FAC").  Defendants filed an objection to Plaintiff's FAC, arguing Plaintiff's FAC was filed "without consent of the parties or leave of the Court."  (Defs.' Obj. to Plt.'s FAC 1:19-22.)   Defendants are correct since Plaintiff's FAC was filed thirty five days after Defendants filed their motion to dismiss and motion to strike.  The right to amend a complaint as a matter of course under Federal Rule of Civil Procedure 15, as amended December 1, 2009, terminates twenty one days after service of a motion under Rule 12(b), (e), or (f).  Therefore, Plaintiff's FAC was not timely filed.

Defendants further argue in their objection that Plaintiff's:

> recent filing of the First Amended Complaint appears to simply be a further and inappropriate stalling tactic in an effort to further delay Plaintiff's eviction from the [property at issue in this case,] and to allow Plaintiff to continue living in the Subject Property rent-free. Moreover, Plaintiff's inappropriate filing of the First Amended Complaint appears to be an attempt by Plaintiff to avoid a hearing on . . . Defendants' Motion to Dismiss, Motion to Strike and Motion to Expunge.

Defendants also argue in their objection that "Plaintiff should not be permitted to waste the Court's resources and time merely as a vehicle to stall his eviction from the Subject Property."

Defendants seek to expunge the Notice of Pendency of Action recorded on July 28, 2009 as document no. 2009-9 037254 in the official records of Merced County, California, a true and correct copy

of which is 10 attached as Exhibit "C" to Defendants' request for judicial notice filed on February 10, 2010.

The court "may take judicial notice of matters of public record." United States v. 14.02 Acres of Land, 547 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted). Therefore, Defendants' request for judicial notice of such documents filed on February 10, 2010 is granted.

"A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." Fed. Deposit Ins. Corp. v. Charlton, 17 Cal. App. 4th 1066, 1069 (1993) (citing Cal. Code Civ. Pro. §§ 405.2, 405.4, 405.20). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." BGJ Associates, LLC v. Superior Court of Los Angeles, 75 Cal. App. 4th 952, 966-67 (1999).

"A motion for expungement may be brought at any time after notice of pendency has been recorded. The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement." Balagapo v. GMAC Mortg., LLC, 2:09-cv-00405-JAM-GGH, 2010 WL 144108, at *1 (E.D. Cal. Jan. 8, 2010) (citing Cal. Code Civ. Pro. § 405.30). The lis pendens must be expunged "if the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Orange County v. Hongkong and Shanghai Banking Corp. Ltd., 52 F.3d 821, 823-24 (9th Cir. 1995) (quoting Cal. Code Civ. Pro. § 405.32). "To constitute a 'real property claim' the cause of action, if meritorious, must affect the

right of possession of specific real property or affect the title to the specific real property." Logan v. Resmae Mortgage Corp., 2:09-cv-01632-MCE-GGH, 2009 Wl 5206716, at *1 (E.D. Cal. Dec. 24, 2009) (quoting Cal. Code Civ. Pro. § 405.4). To establish the "probable validity" of a "real property claim," the party who recorded the lis pendens must demonstrate "that it is more likely than not that [he] . . . will obtain a judgment against the defendant . . . ." Orange County, 52 F.3d at 824 (quoting Cal Code Civ. Pro. § 405.32). Since Defendants' dismissal motion, motion to strike, and motion to expunge the recorded lis pendens show that an expungement order should issue, Defendants' motion to expunge is granted.

Defendants also argue if they prevail on their expungement motion they are entitled to recover $1,813.50 in attorneys' fees under California Code of Civil Procedure section 405.38. This section provides:

> [t]he court shall direct that the party prevailing on any motion [for expungement] . . . be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust.

The award of attorneys' fees "is mandatory, unless the Court finds that the opposing party acted with substantial justification, or that other circumstances make the imposition of attorneys' fees unjust." Olivier v. NDEX West, LLC, No. 1:09-CV-00099 OWW GSA, 2009 WL 2486314, at *6 (E.D. Cal. Aug. 12, 2009); see also Castro v. Superior Court, 116 Cal. App. 4th 1010, 1118 (2004) (stating that "a prevailing party on a motion to expunge a lis pendens is *entitled* to recover attorney fees." (emphasis in original)). Since Defendants have prevailed on

4

their expungement motion, their request for $1,813.50 in attorney's fees is granted.

Defendants' dismissal motion and motion to strike, and the status of Plaintiff's FAC are now addressed.  Plaintiff's FAC eliminates all claims over which the Court had original jurisdiction, which has the effect of eliminating federal question jurisdiction. "Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs,383 U.S. 715, 726 (1966).  This is because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id.   Therefore, Plaintiff is granted leave to file the FAC nunc pro tunc as of the date it was filed. See Fed. R. Civ. P. 15(b) ("The court should freely give leave when justice so requires.").  Since the FAC is now the operative pleading Defendants' pending dismissal motion and motion to strike, which do not address the operative pleading, are denied as moot.  See Hal Roach Studios, Inc., v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (stating an amended complaint supercedes the prior complaint).

Further, since Plaintiff's FAC neither contains a federal claim nor provides a basis for the Court to exercise diversity jurisdiction, the Court may sua sponte decide whether to continue to exercising supplemental jurisdiction over Plaintiff's state law claims. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have

been dismissed. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the <u>Gibbs</u> values of economy, convenience, fairness and comity." <u>Acri</u>, 114 F.3d at 1001 (Quotations omitted).  "Since state courts have the primary responsibility to develop and apply state law, . . . the <u>Gibbs</u> values do not favor continued exercise of supplemental jurisdiction over [Plaintiff's] state claims . . . ." <u>Anderson v. Countrywide Financial</u>, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); <u>see also</u> <u>Acri</u>, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)).  Therefore, Plaintiff's state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3), and this case shall be closed.

Dated:  March 24, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge